# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| VIRGIL J. SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 3:14-CV-1725-JVB |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Virgil J. Smith, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 14-04-220) where he was deprived of 180 days earned credit time and demoted to credit class 2 by the Indiana State Prison Disciplinary Hearing Body (DHB) after it found him guilty of Assault/Battery in violation of A-102 on April 24, 2014. Smith raises four grounds in his petition, but because he prevails on Ground One, it is unnecessary to address the other three.

In Ground One, Smith argues that he requested video evidence, but the DHB refused to allow it. The Respondent argues that "The video evidence Smith requested was presented and considered at his hearing." (DE 8 at 5.) However, that is not what the evidence in the record indicates. The Respondent states, "This video was viewed as part of the investigation performed *by Internal Affairs*, and the confidential investigation report summarizes the video but makes very clear that the video was not relied onto bring the charges (Sealed Exhibit G)." (DE 8 at 5–6 (emphasis added).) The Respondent does not argue (and has not cited to anything in the record indicating) that the hearing officer personally reviewed the video as requested by Smith. Though "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public," *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001), the

hearing officer must nevertheless review relevant potentially, exculpatory evidence requested by an inmate. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

Here, though the copy of the Disciplinary Hearing Report submitted by the Respondent is partially obliterated (*see* DE 8-3 at 1), the brief asserts that, "In making this determination, the hearing officer considered the offender's statements, staff reports, and the Internal Affairs file and photographs (Exhibit C)." (DE 8 at 3.) No mention is made of having reviewed the video even though both it and the photographs were part of the Internal Affairs file. The Video Review Form signed by the hearing officer has pre-printed language stating that "the video has been reviewed outside the presence of the offender and the summary of the viewing is provided below." (DE 8-3 at 3.) However the form does not say who reviewed the video and the summary does not indicate that the hearing officer actually saw it. On the form, the hearing officer's hand-written "summary" merely states, "Video part of case file with IA." (DE 8-3 at 3.) This is not a summary of the content of the video. It is only a notation as to where it is stored. Though the Respondent argues that, "The contents of the video are not exculpatory (Sealed Exhibit G)" (DE 8 at 6), that was the conclusion of the Internal Affairs Report (DE 9-1 at 2), not of the hearing officer.

Smith requested the video and *Wolff* required the hearing officer to review it and reach his own conclusions. Accordingly, the guilty finding will be vacated, but prison officials are free to retry Smith on this charge, if they so choose. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) (double jeopardy principles do not apply in the prison disciplinary context).

2

For the reasons set forth above, the petition (DE 1) is **GRANTED**. The Respondent is **ORDERED** to file documentation by September 24, 2015, showing that the guilty finding in ISP 14-04-220 has been **VACATED**.

**SO ORDERED** on July 24, 2015.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE